Caroline W. Branch, J.
An officer of the Eochester Police Bureau filed a petition in Family Court January 20, 1967 by which he alleged that the respondent maliciously broke 53 *890 windows in one of the city schools on January 1, 1967. The respondent admitted he was a resident of Monroe County and was between the ages of 7 and 16 but remained silent as to the allegations of malicious mischief. The matter was set down for trial. At the trial the complainant offered a purported confession of the offense which he said the respondent had made voluntarily on January 5, 1967 in the presence of one of his parents. Upon inquiry by .respondent’s counsel the complainant admitted that he had questioned the respondent on January 2, 1967 in the office of the school principal with the principal and a teacher present. He stated he had not notified the respondent’s parents of the interrogation, and he had not advised the respondent that anything he said might be used against him at the time of the court hearing or that he might have an attorney represent him at the time of the questioning. At this point respondent’s counsel objected to the admission of the purported confession of January 5,1967 on the grounds that the preceding inquiry was inadmissible and tainted the subsequent one.
The first problem is whether the first confession by the respondent on January 2, 1967 was admissible. Section 724 of the Family Court Act provides that if a peace officer takes a juvenile into custody he must immediately notify the child’s parent that the child has been taken into custody. In Matter of Williams (49 Misc 2d 154 [1966]) the Family Court held that the police have an affirmative duty to notify the parent; merely informing the juvenile that he may notify his parent is insufficient., In the present case the respondent was in custody, having been taken to the principal’s office and there questioned under the threefold authority of police, school principal and a teacher. There was no attempt to notify or procure a parent or any other adult who was responsible for the respondent although the mother’s whereabouts were known to the school and the police. Did the violation of the statute preclude the use of the confession? The leading cases involving admissibility of confessions where the defendant was denied counsel of his family are cases in which the defendants were adults (People v. Taylor, 16 N Y 2d 1038 [1965]) and People v. Hocking (15 N Y 2d 973 [1965]). In these two cases the Court of Appeals held the confessions were not inadmissible solely because the defendant’s family was denied access to him. The question was whether the statement was made to the police voluntarily. The refusal to allow defendant to talk with a parent was only one consideration. In the present ease the defendant was a juvenile and protected by statute. As stated in the Williams ease the decision to exercise his right to have a parent present *891 or to waive it does not rest with the child. This court holds that denying the Knox boy the counsel and protection of his parent made his statements of January 2, 1967 inadmissible whether or not they were made voluntarily.
In addition to the violation of the statute the court considers the first confession violated the requirements of due process guaranteed by the Fourteenth Amendment of the Federal Constitution as set forth in Miranda v. Arizona (384 U. S. 436, 478-479 [1966]) to wit: “ when an individual is taken into custody or otherwise deprived of his freedom by the authorities and is subjected to questioning * * '* He must be warned prior to any questioning that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires.”
Although section 781 of the Family Court Act makes clear that juvenile delinquency proceedings do not have the taint of criminality, nonetheless it appears clear that constitutional safeguards must be vouchsafed a juvenile. (Matter of Williams, supra; Pee v. United States, 274 F. 2d 556.) Indeed, the Court of Appeals, in Matter of Gregory W. (19 N Y 2d 55, 62 [1966]) has recently stated: ‘ ‘ While the Family Court Act specifically states that the proceedings held thereunder are not criminal in nature, the various provisions made for the protection of the rights of children who are charged with juvenile delinquency are indicative of a legislative recognition of the fact that such proceedings, resulting as they do in a loss of personal freedom, are at the very least quasi-criminal in nature. ’ ’
At the January 2, 1967 interrogation Knox was not advised that anything he said might be used against him or that he might have an attorney.
. The question raised is clear: may the police elicit a confession under conditions which are unlawful under section 724 of the Family Court Act and unconstitutional under the Fourteenth Amendment and then secure a confession of the same matter under conditions which do not violate statutes or Constitution, and use it as evidence in trial of the confessor! This case is devoid of any emotion; the respondent was not questioned for hours by relays of police, held in solitary confinement, beaten, starved, threatened or subjected to any of the inhuman treatment one finds in cases like Gallegos v. Colorado (370 U. S. 49) and Haley v. Ohio (332 U. S. 596 [1948]).
The Knox case is analogous to Leyra v. Demo (347 U. S. 556 [1964]) in some respects. In the Leyra case a psychiatrist *892 was substituted for a general practitioner unbeknown to the defendant. The doctor questioned him at length and elicited a confession from him. Thereafter the defendant confessed again to Captain Meenahan of the police bureau. The case was tried in New York State. The first conviction was appealed and the Court of Appeals held that the admissions defendant made to the psychiatrist were so clearly the product of “mental coercion ” that their use as evidence was inconsistent with due process of law. On retrial the confessions to Captain Meenahan and to the prosecutor were admitted. The Court of Appeals held this proper. The United States Supreme Court, reversing, held (p. 561) that the relation of the confessions made to the psychiatrist, the Police Captain and the prosecutor was “ so close that one must say the facts of one control the character of the other ”. The fact that the first violated the concept of due process tainted the subsequent confessions and rendered them inadmissible.
In Gallegos v. Colorado (370 U. S. 49) the Supreme Court said in part that there is no guide to the decision in cases such as this, except the totality of circumstances that bear on the factors mentioned — they being the necessity for observance of procedural requirements of due process and the absence of the element of compulsion condemned by the Constitution.
The court, in the present ease, finds that in the mind of a 12-year-old there was no difference between the circumstances and the subject matter of the questions asked at the first confession of January 2, 1967 and the second confession of January 5, 1967. As in the Legra case the relation was so close that the one confession controlled the other. The fact that the police officer read to the boy a list of his rights before his second confession does not suffice.
The United States Supreme Court in Haley v. Ohio (332 U. S. 596, 601) stated:
“We cannot indulge those assumptions ” (that a 15 year old boy would appreciate the advice as to use of confession, the need for counsel, etc.).
“ Moreover, we cannot give any weight to recitals which merely formalize constitutional requirements. Formulas of respect for constitutional safeguards cannot prevail over the facts of life which contradict them. They may not become a cloak for inquisitorial practices and make an empty form of the due process of law for which free men fought and died to obtain.”
*893 The Knox boy undoubtedly thought the was being called in with his mother to tell the same story he told under pressure at the principal’s office. This is exactly what he did.
The use of two distinct interrogations of Knox appears to this court to have been ‘ ‘ a cloak for inquisitional practices and made an empty form of the due process. ’ ’ The court, therefore, grants the motion of respondent’s counsel and excludes both confessions.